UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMANUEL CHIOMA,<br>Petitioner,<br>v.<br>KELLY SANTORO,<br>Respondent. | Case No. 26-cv-02255-RFL (PR)<br><br>**ORDER TO SHOW CAUSE**<br><br>Dkt. No. 2 |

**INTRODUCTION**

Petitioner Emmanuel Chioma seeks federal habeas relief from his California state convictions for sexual assault and robbery. The petition for habeas relief is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

The petition states cognizable claims. Accordingly, on or before **December 14, 2026**, Respondent shall file an answer or a dispositive motion in response to the habeas petition. The petition may be untimely. Chioma was convicted in 2015, but this habeas action was not filed until 2026, which is beyond the one-year filing limitation imposed by AEDPA. 28 U.S.C. § 2244(d)(1). Furthermore, the claims may not be exhausted, and therefore cannot proceed until they are. 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982). Chioma admits that his appellate attorney told him the claims he presents "were not on record," which the Court interprets as meaning that his claims were not exhausted. (Pet., Dkt. No. 1 at 6.) If Respondent believes the petition to be untimely or unexhausted, or both, she may wish to file a motion to dismiss on such grounds, though she is not required to do so.

Chioma's motion to proceed in forma pauperis is GRANTED. (Dkt. No. 2.) The Clerk shall terminate Dkt. No. 2.

**BACKGROUND**

In 2015 Chioma was convicted by an Alameda County Superior Court jury of oral copulation by acting in concert with force and fear (former Cal. Penal Code § 288a(d)(1)); forcible rape while acting in concert (§ 264.1(a)); assault with a firearm (§ 245(a)(2)); second degree robbery (§ 211); carrying a concealed firearm on the person (§ 25400(a)(2)); and carrying a loaded firearm on one's person in a city (§ 25850(a)). *People v. Edwards*, 34 Cal. App. 5th 183, 189 (Cal. Ct. App. 2019). The jury also found true various sentencing allegations. *Id.* A sentence of 129 years to life was imposed. *Id.* His attempts to overturn his convictions in state court were unsuccessful, though the state appellate court did remand the case "to allow appellants to develop the record with evidence of youth-related factors that will be relevant in a youthful-offender parole hearing." *Id.* at 186.

**DISCUSSION**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, Chioma claims that (1) the trial court violated his Sixth Amendment rights by keeping a biased and partial juror on the jury; and (2) the trial court violated his Confrontation Clause rights by refusing to admit evidence of the victim's prostitution conviction. (Pet., Dkt. No. 1 at 5.) When liberally construed, these claims are

cognizable and shall proceed.

## CONCLUSION

1. The Clerk shall serve electronically a copy of this order upon the Respondent and the Respondent's attorney, the Attorney General of the State of California, at the following email addresses: SFAWTParalegals@doj.ca.gov and docketingsfawt@doj.ca.gov. The petition and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California. The Clerk shall serve by mail a copy of this order on Petitioner.

2. On or before **December 14, 2026**, Respondent shall file with the Court and serve on Petitioner, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on Petitioner's cognizable claims. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that previously have been transcribed and that are relevant to a determination of the issues presented by the petition.

3. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent's counsel within thirty (30) days of the date the answer is filed.

4. In lieu of an answer, Respondent may file, on or before **December 14, 2026**, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within thirty (30) days of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a reply within fifteen (15) days of the date any opposition is filed.

5. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel.

6. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court and Respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute

pursuant to Federal Rule of Civil Procedure 41(b).

7. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

8. Chioma's motion to proceed in forma pauperis is GRANTED. (Dkt. No. 2.)

9. The Clerk shall terminate Dkt. No. 2.

**IT IS SO ORDERED.**

**Dated:** August 17, 2026

RITA F. LIN
United States District Judge